IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ZACH SPRING,**
**Claimant Below, Petitioner**

**FILED**
**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-272**            (JCN: 2024014895)

**TETRA TECHNOLOGIES, INC.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Zach Spring appeals the June 28, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Tetra Technologies, Inc., ("Tetra") filed a timely response.[1] Mr. Spring did not reply. The issue on appeal is whether the Board erred in modifying and affirming the claim administrator's order, which held the claim compensable for strain of the right shoulder, upper arm, and neck. The Board modified the order to include cervical radiculopathy as a compensable diagnosis.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 9, 2024, while employed by Tetra, Mr. Spring suffered an injury to his neck, right shoulder, and right arm while lifting a heavy piece of equipment. Mr. Spring was seen at United Hospital Center on the same day. Mr. Spring underwent a cervical MRI, which showed multiple cervical spine disc abnormalities, most significant on the left. The assessment was cervical radiculopathy due to an occupational injury. Mr. Spring signed an Employees' and Physicians' Report of Occupational Injury dated the same day the injury occurred. A provider at United Hospital Center completed the physicians' portion of the form indicating a diagnosis of cervical radiculopathy due to an injury and a shoulder injury.

Mr. Spring was seen by Allan Fergus, M.D., a neurosurgeon, on February 16, 2024, who assessed Mr. Spring with cervical radiculopathy and neck and arm pain. Dr. Fergus attributed the neck pain to the C4-5 herniated disc but opined that the right shoulder pain

---

[1] Mr. Spring is represented by William B. Gerwig, III, Esq. Tetra is represented by Jeffrey B. Brannon, Esq.

did not appear to be radiculopathy. Dr. Fergus referred Mr. Spring for an MRI of his right shoulder. Dr. Fergus further reported that Mr. Spring was unable to work due to his pain and limited him to not lift weight greater than five pounds. Dr. Fergus also referred Mr. Spring to the WVU United Hospital Pain Management Center for evaluation.

On March 8, 2024, Mr. Spring was seen by Gobind Singh, M.D., at the WVU United Hospital Pain Management Center. Dr. Singh attributed Mr. Spring's pain to cervical disc herniation with possible right shoulder injury. Dr. Singh and Mr. Spring decided to proceed with a C7/T1 cervical epidural steroid injection, home exercise or physical therapy for neck with core muscle strengthening and stretching, and continued conservative management of his pain.

Mr. Spring underwent an MRI of his right shoulder on March 29, 2024, revealing a Type II superior labrum anterior to posterior ("SLAP") tear; mild supraspinatus and infraspinatus tendinosis without tear; mild fatty infiltration of teres minor without edema or tendon pathology, likely related to an old traction injury; and mild acromioclavicular arthrosis.

In an order dated April 16, 2024, the claim administrator held the claim compensable for a strain of the right shoulder, upper arm, and neck. The order excluded the diagnosis of cervical radiculopathy. Mr. Spring protested this order.

On April 23, 2024, Mr. Spring was seen by Joseph Fazalare, M.D., orthopedist, who noted that Mr. Spring had intermittent right shoulder pain; weakness, mild numbness, and tingling into his elbow; difficulty performing daily activities; and constant pain. Dr. Fazalare assessed acute right shoulder pain and a SLAP right shoulder tear. A right shoulder arthroscopy with labral SLAP repair was scheduled for May 29, 2024. Mr. Spring submitted a Diagnosis Update form dated April 26, 2024. The form was signed by Bailey Filben, PA-C, and indicated the diagnoses of C5 cervical radiculopathy with neck and arm pain and a SLAP tear.

On June 28, 2024, the Board modified the claim administrator's April 16, 2024, order to include cervical radiculopathy. The Board affirmed all other aspects of the April 16, 2024, order. Mr. Spring now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the

2

petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Spring argues that medical evidence establishes that he suffered a Type II SLAP tear as a result of the compensable injury rather than a sprain, thus, the claim should have been held compensable for a Type II SLAP tear.

Here, the Board specifically noted that its order did not address Mr. Spring's diagnosis update form requesting the addition of Type II SLAP tear of the right shoulder as a compensable condition. Beyond that statement, the Board did not discuss the SLAP tear. Further, we note that Mr. Spring's diagnosis update form seeking the addition of Type II SLAP tear of the right shoulder does not appear to have been answered by the claim administrator. Thus, until the claim administrator has an opportunity to rule on the Type II SLAP tear of the right shoulder, it is premature for the Board, or this Court, to address the issue. That said, the claim administrator is obligated to rule on the Diagnosis Update filed by Mr. Spring. Our decision does not preclude Type II SLAP tear of the right shoulder from being held compensable, nor does it absolve the claim administrator from the duty to timely respond to Mr. Spring's request to add Type II SLAP tear of the right shoulder as a compensable condition. We further note that Mr. Spring does not appear to be arguing that any other portion of the Board's order was clearly wrong.

Accordingly, we affirm the Board's June 28, 2024, order.

Affirmed.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

3